UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAVASIA FAGGINS,

                    Plaintiff,

v.                                                  1:25-CV-0699
                                                            (GTS/DJS)

JOSEPH McDOLE, JR., former Chair of
Kingston Housing Authority;
KINGSTON HOUSING AUTHORITY;
ERNEST VANDEMARK, Kingston Police Ofcr.;
DANIEL DOBRINSKI, Kingston Police Ofcr.;
DANIEL PARADA, Kingston Police Ofcr.;
MICHAEL DeFRANCE, Kingston Police Ofcr.;
ZACHARY HAYES, Kingston Police Ofcr.;
THE KINGSTON POLICE DEPARTMENT;
and THE CITY OF KINGSTON,

                    Defendants.
_____

APPEARANCES:

SHAVASIA FAGGINS
  Plaintiff, *Pro Se*
41 Linden Street, Apt. 2N
Yonkers, New York 10701

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Shavasia Faggins ("Plaintiff") against the Kingston Housing Authority, Kingston Housing Authority Chair Joseph McDole, Jr., The City of Kingston, The Kingston Police Department and Kingston Police Officers VanDemark, Dobrinski, Parada, DeFrance, and Hayes ("Defendants") under 42 U.S.C. § 1983, are the following: (1) United States Magistrate Judge Daniel J. Stewart's Report-

Recommendation recommending that certain of Plaintiff's claims be dismissed with prejudice, certain of her claims be dismissed without prejudice, and the remainder of her claims survive the Court's *sua sponte* review of them; (2) Plaintiff's letter-motion requesting that Defendants DeFrance and Hayes remain in this action and requesting additional time to find counsel, and (3) Plaintiff's Objection to the Report-Recommendation. (Dkt Nos. 10, 11, 12.)

Even when construed with the utmost of special leniency, Plaintiff's one-page Objection contains no specific challenge[1] to any portion of the Report-Recommendation. (Dkt. No. 12.)[2] Furthermore, even if Plaintiff's letter-motion (requesting that Defendants DeFrance and Hayes remain in this action) could be liberally construed as containing a specific challenge to various portions of the Report-Recommendation, the Court would find, after carefully reviewing the relevant papers herein, no error[3] in such portions, and no clear error[4] in the remaining portions of

---

[1]   To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   Although Plaintiff's Objection is untimely, the Court has considered it out of special solicitude to her as a *pro se* civil rights litigant.

[3]   When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

[4]   When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory

the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 10.) As a result, the Report-Recommendation is accepted and adopted for the reasons set forth therein.

  **ACCORDINGLY**, it is

  **ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 10) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

  **ORDERED** that Plaintiff's excessive force, false imprisonment and malicious prosecution claims against Defendants VanDemark, Dobrinski, and Parada **SURVIVE** this Decision and Order and require a response; and it is further

  **ORDERED** that Plaintiff's claims against Defendants Kingston Housing Authority, Joseph McDole, Jr., the Kingston Police Department, and the City of Kingston are **DISMISSED with prejudice** pursuant to 28 U.S.C. §§1915(e)(2)(iii) and 1915A(b)(2); and it is further

  **ORDERED** that Plaintiff's claims against Defendants DeFrance and Hayes are **DISMISSED without prejudice and with leave to amend;** and it is further

  **ORDERED** that, should Plaintiff wish to file an Amended Complaint, *except as to those claims being dismissed with prejudice*, Plaintiff has **THIRTY (30) DAYS** from the entry of this Decision and Order in which to do so; and Plaintiff is further advised that the Amended

---

Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Complaint must be a complete pleading that complies with the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12, and Local Rule 10.1, and will supercede and replace her original Complaint filed in this action in all respects; and it is further

**ORDERED** that, should Plaintiff timely file an Amended Complaint, the Amended Complaint be returned to Magistrate Judge Stewart for his review; and it is further

**ORDERED** that the Clerk of Court is directed to issue Summonses and forward them, along with copies of the Complaint, to the U.S. Marshal for service upon Defendants VanDemark, Dobrinski, and Parada, and Defendants are directed to respond in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that Plaintiff's letter-motion (Dkt. No. 11) is **DENIED** without prejudice as unsupported by a showing of cause.[5]

Dated: September 24, 2025
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

[5] The Court notes that Plaintiff's claims against Defendants DeFrance and Hayes are being dismissed only without prejudice. The Court notes further that Plaintiff's request for "time to look for a lawyer" is unsupported by a persuasive showing that she is unable to represent herself (or even what issues in her action are more complex than those raised in most false-arrest / excessive-force actions).