UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAVASIA FAGGINS,

                          Plaintiff,

          v.                                        1:25-CV-699
                                                      (GTS/DJS)

ERNEST VANDEMARK, *et al.*,

                          Defendants.
_____

**APPEARANCES:**                                         **OF COUNSEL:**

SHAVASIA FAGGINS
Plaintiff, *Pro Se*
Yonkers, New York 10701

COOK, KURTZ, & MURPHY, P.C.           MICHAEL T. COOK, ESQ.
Attorneys for Defendants
85 Main Street
Kingston, New York 12401

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

      Presently pending with this Court are two Motions filed by Plaintiff. One motion seeks to seal the case record and the other seeks the appointment of counsel. Dkt. Nos. 23 & 35. Upon due consideration, each Motion is denied.

### I. Motion to Seal

      Plaintiff first seeks to seal the case, in whole or in part, "based on legitimate and ongoing safety concerns." Dkt. No. 23. Plaintiff alleges that "public access to the case record

- 1 -

has created a credible risk to personal safety for myself and other connected to this case." *Id.* The Motion does not provide details of the nature of that risk.

"[T]he public has a First Amendment right to observe the proceedings and filings of the federal courts." *Sparman v. Edwards*, 325 F. Supp. 3d 317, 319 (E.D.N.Y. 2018) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)). This right has been further explained in this District by Judge Mae D'Agostino:

> The common law right of public access to judicial documents, i.e., documents filed with a court that are relevant to the performance of the judicial function and useful in the judicial process is well-established. It is also well established that the public and the press have a qualified First Amendment right to attend judicial proceedings and to access certain judicial documents. The burden of demonstrating that case records should be sealed rests on the party seeking such action.

*Caswell v. Miller*, 2018 WL 2170294, at *2 (N.D.N.Y. May 10, 2018) (internal citations and quotation omitted). A party's "cursory and conclusory statements" are insufficient to carry the burden necessary to overcome the First Amendment presumption of access. *Herman v. City of New York*, 334 F.R.D. 377, 393 (E.D.N.Y. 2020). Here, Plaintiff's generalized assertion of harm is a conclusory statement and not a basis to seal the entire case file. Insofar as Plaintiff suggests sealing "specific identifying portions of the record" that request is also denied since Plaintiff fails to identify what those documents should be.

Accordingly, the Motion is denied.

## II. Motion Regarding Counsel

Plaintiff has also filed a letter seeking the Court's assistance in obtaining counsel, which the Court construes as a motion for the appointment of counsel. Dkt. No. 35. That request is denied at this time.

"A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d at 69. If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its

own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

In the present matter, the case is at a very early stage.  Indeed, only allegations have been made at this point; no evidence has yet been submitted relating to Plaintiff's claims.  At this early stage, Plaintiff has not met the threshold requirement of demonstrating that her claims seem likely to be of substance.  *See Brown v. Utica Police Dep't*, 2017 WL 5514518, at *5 (N.D.N.Y. Nov. 16, 2017) ("Where there are merely unsupported allegations, the moving party does not meet the first requirement imposed by the Second Circuit for appointment of pro bono counsel.") (citation omitted)).

### III. Conclusion

For the reasons stated herein, it is hereby

**ORDERED**, Plaintiff's Motions to Seal (Dkt. No. 23) and for Appointment of Counsel (Dkt. No. 35) are **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated:  February 12, 2026
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge